UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ROBERT L. PARKS, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | 2:13-cv-0174-JMS-WGH |
| | ) | |
| WARDEN CARAWAY, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

Robert L. Parks, Jr., a federal inmate confined in this District, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 based on his claim that the Bureau of Prisons ("BOP") has improperly failed to give him certain benefits of the Second Chance Act 2007, 18 U.S.C. § 3624(c). Parks alleges that his case manager recommended 365 days of halfway house or RRC placement, but the Regional office only approved seven and a half months. Parks wants the Court to order the BOP to grant his request for 365 days of RRC placement. The pleadings and the expanded record show that Parks is not entitled to have the Court consider his claim on the merits at this time. This conclusion is compelled by the fact that Parks has not filed any requests for administrative remedies at any required level. *See Greene v. Meese,* 875 F.2d 639, 640 (7th Cir. 1989) ("[T]he requirement of exhaustion is judge-made for federal [habeas corpus cases] . . . but it is a requirement nonetheless.") (internal citations omitted).

Parks requests that the Court excuse his obligation to exhaust administrative remedies, but he provides no authority for the Court to do so. Parks has not shown that presenting his claim to the various levels of review by the BOP could not have resulted in obtaining some or all of the relief he seeks. His speculation that his requests would have been denied is only that,

speculation. His belief that exhausting administrative remedies would take too much time fails to take into account the purpose of exhaustion, which is to give the BOP the opportunity to investigate his claim, to provide findings and explanations, and, if any error were found, to remedy such error. "Exhaustion requirements exist to give agencies, like the Bureau of Prisons ("BOP") 'an opportunity to correct [their] own mistakes…before [they are] haled into federal court.'" *Woodruff v. Wiley,* 365 Fed.Appx. 951, 953 (10th Cir. Feb. 17, 2010) (quoting *Woodford v. Ngo,* 548 U.S. 81, 89 (2006)); *see also Greene,* 875 F.2d at 641 ("The Bureau [of Prisons] must be given a chance to clean up its act before the courts are asked to intervene."). Even if Parks' administrative claim had been denied, such proceedings would have provided the Court a more complete record on which to base its review. Accordingly, the action must be dismissed without prejudice for failure to exhaust administrative remedies. Judgment consistent with this Entry shall now issue.[1]

**IT IS SO ORDERED.**

Date: 07/11/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Robert L. Parks, Jr.
Reg. No. 08437-089
United States Penitentiary
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808

Electronically registered counsel

---

[1] Neither party has discussed Seventh Circuit precedent under which it appears that Parks' claim should have been brought under the Administrative Procedure Act, 5. U.S.C. § 551. *Richmond v. Scibana,* 387 F.3d 602, 606 (7th Cir. 2004). Because Parks failed to exhaust administrative remedies under either vehicle, the result would be the same. *Id.*